# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR TAGLE,<br><br>         Plaintiff,<br><br>    v.<br><br>CAL-TRANS,<br><br>         Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

1:14-cv-01617---BAM

ORDER DISMISSING COMPLAINT WITH
LEAVE TO AMEND
(ECF No. 1)

THIRTY-DAY DEADLINE

## I.      Screening Requirement and Standard

Plaintiff Victor Tagle ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil action against Defendant Cal-Trans.  Plaintiff's complaint, filed on October 3, 2014, is currently before the Court for screening.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences."  Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged.  Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

**II.**      **Plaintiff's Allegations**

Plaintiff initiated this action while incarcerated at High Desert State Prison and brings suit against the California Department of Transportation (Cal-Trans) for employment discrimination and recovery of lost wages.  In his complaint, styled as a letter, Plaintiff alleges: On January 26, 2010, Plaintiff was hired by Cal-Trans as a heavy equipment mechanic.  Plaintiff lived in Las Vegas, Nevada, but moved to California for the position as a lead mechanic in Bishop, California.  Approximately six months after starting his job, the current shop supervisor was retiring and Plaintiff was appointed as the future shop supervisor.

At some point in time, Plaintiff was on a lunch break, in a truck, using his cellphone to call his family.  Plaintiff was out by the yard speaking Spanish on the phone.  Plaintiff was accused by Mr. Nelson of talking about him in Spanish.  As a result, Plaintiff was suspended without pay.

Plaintiff called his union representative.  The representative said he was not willing or able to take that type of problem.  Plaintiff ended up out of a job, stranded in Bishop with his family.  Plaintiff remained there for a few months with the hope that Cal-Trans would hold an arbitration hearing.  When it did not happen, Plaintiff moved back to Las Vegas.  As a result of

the move, Plaintiff alleges that he caught the wrong people's attention and ended up with his tools, clothes and furniture stolen.  He also lost his house.

While applying for jobs, Plaintiff alleges that Cal-Trans personnel defamed him and told prospective employers that Plaintiff lost his job due to his personality.

Several months later, Plaintiff attended an arbitration hearing in Fresno, California. During the hearing, it was asserted that Plaintiff was harassing Mr. Nelson.  However, Mr. Nelson did not attend the hearing.  Plaintiff allegedly was "forgiven for his sins."  (Doc. 1, at p. 4.)  Plaintiff asked the judge to make sure that Cal-Trans would not defame his name.  The judge said that she would make sure of it and she also said that Plaintiff's past due wages were awarded.  Plaintiff claims that he never saw the money.  Plaintiff spoke to Cal-Trans' representative at the hearing, but Cal-Trans never paid him.  At some later point, Plaintiff sent letters to Cal-Trans asking for his wages.  Plaintiff subsequently was arrested and convicted. During that time, he was unable to contact Cal-Trans.

Plaintiff now seeks to collect his past due wages and damages based on a violation of his civil rights.  (ECF No. 1, pp. 1, 8-9.)

### III.   Discussion

Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to state a cognizable claim.  Plaintiff will be given leave to cure the identified deficiencies in his complaint.  To assist Plaintiff, the Court provides the pleading and legal standards that appear relevant to his claims.

### A.  Federal Rule of Civil Procedure 8

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).  As noted above, detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citation omitted).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting

1   Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are

2   not. Id.; see also Twombly, 550 U.S. at 556–557; Moss, 572 F.3d at 969.

3       Although Plaintiff's complaint is short, it lacks sufficient factual allegations to state a claim

4   for relief.  Specifically, Plaintiff's complaint lacks important details, such as dates and

5   information regarding the arbitration hearing and purported award of lost wages.  Absent this

6   factual information, the Court cannot determine whether Plaintiff states a cognizable claim or,

7   more importantly, whether this Court maintains jurisdiction over Plaintiff's claims.  If Plaintiff

8   chooses to amend his complaint, he should briefly and clearly state the facts giving rise to his

9   claims for relief.

10      **B.  Section 1983**

11      Insofar as Plaintiff attempts to bring a damages against Cal-Trans pursuant to 42 U.S.C. §

12  1983, he may not do so.  The State of California and the Department of Transportation have

13  absolute immunity from suit under section 1983.  E.g., Pennhurst State School & Hosp. v.

14  Halderman, 465 U.S. 89, 100, 104 S.Ct. 900 (1984); Buckwalter v. Nevada Bd. of Medical

15  Examiners, 678 F.3d 737, 740 n.1 (9th Cir. 2012).  Further, "[s]tate agencies (such as Caltrans)

16  are not 'persons' within the meaning of § 1983, and are therefore not amenable to suit under that

17  statute." Maldonado v. Harris, 370 F.3d 945, 951 (9th Cir. 2004) (citing Will v. Mich. Dep't of

18  State Police, 491 U.S. 58, 70, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989).

19      **C.  Title VII**

20      To the extent Plaintiff is pursuing a discrimination action pursuant to Title VII of the 1964

21  Civil Rights Act, 42 U.S.C. § 2000e-5, *et seq,* he must establish federal subject matter

22  jurisdiction.  See Cerrato v. San Francisco Community College Dist., 26 F.3d 968, 976 (9th Cir.

23  2009) (Congress has abrogated Eleventh Amendment immunity with respect to Title VII claims).

24  To establish such jurisdiction for a Title VII claim, a plaintiff must exhaust his remedies by filing

25  an administrative charge of discrimination with the Equal Employment Opportunity Commission

26  (EEOC) before commencing an action in federal court. B.K.B. v. Maui Police Dept., 276 F.3d

27  1091, 1099 (9th Cir. 2002); Sommatino v. United States, 255 F.3d 704, 708 (9th Cir. 2001).

28  There is no indication that Plaintiff has complied with the exhaustion requirement.

**D.  State Law – Wrongful Termination**

Insofar as Plaintiff attempt to bring a state law action for wrongful termination in violation of public policy he may not do so.  Such claims against a state agency are barred pursuant to California Government Code section 815, which provides for immunity of public entities unless provided for by statute, because there is no express statutory authority providing for public entity liability.  See Cal. Gov't Code §  815(a); see also Haack v. California Dep't of Corr. and Rehab., 2012 WL 570353, *4-6 (E.D. Cal. Feb. 21, 2012) (plaintiff could not maintain claim for wrongful termination in violation of public policy against state agency); Moore v. California Dep't of Corr. and Rehab., 2011 WL 2433355, *8-9 (E.D. Cal. Jun. 13, 2011) (same); Scott v. Solano County Health and Social Servs. Dep't,  2008 WL 3835267, *18 (E.D. Cal. Aug. 15, 2008) (same).

**IV.    Conclusion and Order**

Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to state a cognizable claim.  As Plaintiff is proceeding pro se, the Court will provide him with an opportunity to amend his complaint. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights.  Iqbal, 556 U.S. at 676.  Plaintiff also must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'"  Id. at 678 (quoting Twombly, 550 U.S. at 555).

Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. Lacey v. Maricopa Cnty., 693 F.3d 896, 927 (9th Cir. 2012).  Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

///

///

Based on the foregoing, it is HEREBY ORDERED that:

1.      Plaintiff's complaint is dismissed for failure to comply with Federal Rule of Civil Procedure 8 and failure to state a cognizable claim.

2.      Within thirty (30) days from the date of service of this order, Plaintiff shall file a first amended complaint; and

3.      **If Plaintiff fails to comply with this order, the Court will dismiss this action for failure to obey a court order.**

IT IS SO ORDERED.

Dated:   **June 30, 2015**           /s/ *Barbara A. McAuliffe*
                                       UNITED STATES MAGISTRATE JUDGE