1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR TAGLE, | ) 1:14-cv-01617---BAM |
| | ) |
| Plaintiff, | ) ORDER DISMISSING ACTION FOR |
| | ) FAILURE TO STATE A CLAIM |
| v. | ) |
| | ) |
| CAL-TRANS, | ) |
| | ) |
| Defendant. | ) |
| | ) |
| _____ | ) |

## I.    Screening Requirement and Standard

Plaintiff Victor Tagle ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil action against Defendant Cal-Trans.  Plaintiff initiated this action on October 3, 2014, and consented to the jurisdiction of a United States Magistrate Judge on October 20, 2014.  (Docs. 1, 7.)

On June 30, 2015, the Court screened Plaintiff's complaint and dismissed it with leave to amend.  (Doc. 16.)  On July 13, 2015, Plaintiff filed a document entitled "Notice of Motion." Although styled as a motion for the collection of past due wages and damages, it appears to be Plaintiff's attempt to address the deficiencies identified by the Court in the initial screening order.  (Doc. 17, p. 3.)  The Court therefore construes the motion as Plaintiff's first amended complaint, which is now before the Court for screening.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity.  28 U.S.C. §

1915A(a).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences."  Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged.  Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

## II.   Plaintiff's Allegations

Plaintiff initiated this action while incarcerated at High Desert State Prison and brings suit against the California Department of Transportation (Cal-Trans) for employment discrimination and recovery of lost wages.  In his amended complaint, Plaintiff states that he clearly specified the facts that led to his situation.  Specifically, Plaintiff alleges as follows:

> While working as Heavy Equipment Mechanic, at Cal-Trans, Bishop, California's shop, the petitioner based on his background (Hispanic), and the experience that the petitioner has, on the said job, the petitioner [illegible] the jealousy of his co-workers, including Mr. Nelson. [¶]  At the 6 months review, the petitioner was accused by Mr. Nelson, of "talking bad about Mr. Nelson in Spanish! … over the phone!"  Therefore, the petitioner was suspended without pay, and he got stranded

at Bishop, Ca., with his family.  [¶]  Immediately, the petitioner called the union representative, [illegible] he said [illegible], was; unable/unwilling to provide help, although the union wages, were deducted out of the <u>petitioner's wages</u>.  [¶]  The petitioner stayed at Bishop, for a few months, waiting for the "arbitration hearing," hearing no news [illegible].  The petitioner went back to dwell at Las Vegas, but . . . he called the attention of "wrong people," ending up with his tools, cloths, and furniture stolen.

(Doc. 17, pp. 3-4.)

Plaintiff further alleges:

Unfortunately, due to this conflict, the petitioner got behind on all monetary issues, [losing] his home as well.  [¶]  While at Las Vegas, the petitioner was looking for a "job," but the prospect[ive] employers, told the petitioner, that "he lost his job, at Cal-Trans, due to his personality!"  [¶]  Several months later, the petitioner was told to "attend a hearing" at Fresno, Ca in regard his "suspension." On the said hearing he was told that <u>he was the one who harassed Mr. Nelson</u>. However, the woman, who claimed to be a "<u>Judge,</u>" said:  I had, my wages awarded, and Mr. Nelson, never did show up.  The petitioner went back to Las Vegas, and never heard of Cal-Trans, [illegible], he tried to contact them at the beginning.

(Doc. 17, pp. 4-5.)

Plaintiff also alleges:

The petitioner was wrongfully accused by <u>Mr. Nelson</u> of "Speak, bad about him, in Spanish!" due to jealousy.  [¶]  The petitioner was wrongfully suspended, on those bases, by Cal-Trans, since:  [¶] To speak, in Spanish, is not prohibited on Cal-Trans premises, on break time!.  [¶] If the petitioner was speaking in Spanish, what bases, Mr. Nelson had, to say it was about him, since there is a language barrier, by him being a Caucasian man!, only "hear and say!", was the reason of the suspension  .  .  .  and the petitioner's background.  [¶]  The woman who identified herself as a "<u>Judge</u> said the [illegible] would have his wages!, (due wages!).  [¶] The petitioner, <u>can't recall</u>, the date on which he was called to the said "Hearing."  [¶]  Furthermore, the petitioner tried to contact "Cal-Trans" to obtain, the said information, but so far is not an answer.  [¶]  The court, is requesting to "<u>Amend</u>" the said complaint, but not add anything new!.  [¶] <u>Nothing has been added</u>, all is the same <u>factual events.</u>  The petitioner can't remove, anything, since this is what happened.  [¶] The [loss] of his house, and expenses, was due to <u>negligence</u> of said Cal-Trans officials, and negligence of Mr. Nelson, not to mention, the lack of action, from Cal-Tran's union, representative, who the petitioner, was paying to!.

(Doc. 17, pp. 5-6.)

III.    <u>**Discussion**</u>

Plaintiff's amended complaint again fails to comply with Federal Rule of Civil Procedure 8 and fails to state a cognizable claim.  To assist Plaintiff, the Court provides the pleading and legal standards that appear relevant to his claims.

A.    <u>**Federal Rule of Civil Procedure 8**</u>

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).  As noted above, detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Iqbal</u>, 556 U.S. at 678 (citation omitted).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Iqbal</u>, 556 U.S. at 678 (quoting <u>Twombly</u>, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. <u>Id.</u>; <u>see</u> <u>also</u> <u>Twombly</u>, 550 U.S. at 556–557; <u>Moss</u>, 572 F.3d at 969.

Although Plaintiff's complaint is short, it lacks sufficient factual allegations to state a claim for relief.  Specifically, Plaintiff's complaint lacks important details, such as dates and information regarding the arbitration hearing and purported award of lost wages.  Absent this factual information, the Court cannot determine whether Plaintiff states a cognizable claim or, more importantly, whether this Court maintains jurisdiction over Plaintiff's claims.  Although Plaintiff has attempted to amend his complaint, he has been unable to cure this deficiency.

B.    <u>**Section 1983**</u>

Insofar as Plaintiff attempts to bring a damages claim against Cal-Trans pursuant to 42 U.S.C. § 1983, he may not do so.  The State of California and the Department of Transportation have absolute immunity from suit under section 1983. <u>E.g.</u>, <u>Pennhurst State School & Hosp. v. Halderman</u>, 465 U.S. 89, 100, 104 S.Ct. 900 (1984); <u>Buckwalter v. Nevada Bd. of Medical Examiners</u>, 678 F.3d 737, 740 n.1 (9th Cir. 2012).  Further, "[s]tate agencies (such as Caltrans) are not 'persons' within the meaning of § 1983, and are therefore not amenable to suit under that statute." <u>Maldonado v. Harris</u>, 370 F.3d 945, 951 (9th Cir. 2004) (citing <u>Will v. Mich. Dep't of State Police</u>, 491 U.S. 58, 70, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989).

**C.  Title VII – Employment Discrimination**

To the extent Plaintiff is pursuing a discrimination action pursuant to Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000e-5, *et seq,* he must establish federal subject matter jurisdiction.  See Cerrato v. San Francisco Community College Dist., 26 F.3d 968, 976 (9th Cir. 2009) (Congress has abrogated Eleventh Amendment immunity with respect to Title VII claims). To establish such jurisdiction for a Title VII claim, a plaintiff must exhaust his remedies by filing an administrative charge of discrimination with the Equal Employment Opportunity Commission (EEOC) before commencing an action in federal court. B.K.B. v. Maui Police Dept., 276 F.3d 1091, 1099 (9th Cir. 2002); Sommatino v. United States, 255 F.3d 704, 708 (9th Cir. 2001).  As with his original complaint, there is no indication that Plaintiff has complied with the exhaustion requirement.

**D.  State Law – Wrongful Termination and Negligence**

Insofar as Plaintiff attempts to bring a state law action for wrongful termination in violation of public policy, he may not do so.  Such claims against a state agency are barred pursuant to California Government Code section 815, which grants immunity to public entities unless otherwise provided for by statute, because there is no express statutory authority allowing for public entity liability.  See Cal. Gov't Code § 815(a); see also Haack v. California Dep't of Corr. and Rehab., 2012 WL 570353, *4-5 (E.D. Cal. Feb. 21, 2012) (plaintiff could not maintain claim for wrongful termination in violation of public policy against state agency); Moore v. California Dep't of Corr. and Rehab., 2011 WL 2433355, *8-9 (E.D. Cal. Jun. 13, 2011) (same); Scott v. Solano Cnty. Health and Soc. Servs. Dep't, 2008 WL 3835267, *18 (E.D. Cal. Aug. 15, 2008) (same).

To the extent that Plaintiff seeks to pursue tort claims under California law for negligence, the Government Claims Act requires exhaustion of those claims with the California Victim Compensation and Government Claims Board, and Plaintiff is required to specifically allege compliance in his complaint.  Shirk v. Vista Unified Sch. Dist., 42 Cal.4th 201, 208-09 (Cal. 2007); State v. Superior Court of Kings Cnty. (Bodde), 32 Cal.4th 1234, 1239 (Cal. 2004); Mabe v. San Bernardino Cnty. Dep't of Pub. Soc. Servs., 237 F.3d 1101, 1111 (9th Cir. 2001);

Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995); Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 627 (9th Cir. 1988).  Plaintiff has failed to allege such compliance or any facts excusing such compliance.

**IV.      Conclusion and Order**

Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to state a cognizable claim.  Despite being provided with the relevant pleading and legal standards, Plaintiff has been unable to cure the deficiencies of his complaint.  Further leave to amend is not warranted.  Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).  Accordingly, Plaintiff's complaint is HEREBY DISMISSED for failure to state a claim.

All pending motions, if any, are terminated.

IT IS SO ORDERED.

Dated:   **August 17, 2015**                    /s/ Barbara A. McAuliffe
                                         UNITED STATES MAGISTRATE JUDGE